UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN THE MATTER OF THE COMPLAINT OF
P&L TOWING & TRANSPORTATION, INC.                Case No.:
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY AS THE OWNER OF THE
TUG RIKKI S, OFFICIAL NO. 633697,
_____/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, P&L Towing & Transportation, Inc. ("P&L Towing"), as the owner of a 62-foot towing vessel bearing the Official Number 633697, in a cause of action, civil and maritime, respectfully seeks exoneration from or limitation of liability in accordance with Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and as grounds for this Petition alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, P&L Towing was doing business within Broward County, Florida, and was the owner of a 62-foot towing vessel bearing Official Number 633697 (hereinafter "the Vessel").

3. At all material times, the Vessel was in all respects seaworthy and suitable for use as a commercial vessel utilized in the towing industry.

4. The Vessel was at all material times properly manned and outfitted.

5. The events which give rise to this Petition occurred on navigable waters of the United States.

6. On or about September 4, 2017, a deckhand on the Vessel, Christopher L. Wilkins, was releasing a line on the stern of the Vessel and allegedly sustained injuries to his left hand and

left wrist. The owner of the Vessel had no privity or knowledge of the acts of any individual present on the Vessel at the time of the incident. Any injury or damages that occurred on the day of September 4, 2017, on board the Vessel as a result of the operation of the Vessel, were not caused or contributed to by any fault, neglect, want of care, or design on the part of P&L Towing, the owner of the Vessel.

7. A lawsuit is presently pending against P&L Towing bearing case style, *Christopher Lewis Wilkins v. P&L Towing & Transportation, Inc.*, Case No. CACE-19-023551 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida ("State Court Case").

8. Because P&L Towing was sued in this District, venue is proper pursuant to Rule F, Supplemental Rules, Federal Rules of Civil Procedure.

9. This Petition is filed within six (6) months of the date of written notice of the claim.

10. P&L Towing claims the benefits of the limitation of liability laws of the United States of America, 46 U.S.C. § 30501, *et seq.*, and claims exoneration from or limitation of liability for any injuries, damages and losses of whatever description arising out of the aforesaid incident or during the voyage upon which the Vessel was engaged on September 4, 2017. P&L Towing desires to contest the liability of the claims made and state that they have valid defenses to such claims based on the facts and applicable law.

11. Subject to an appraisal of P&L Towing's interest in the Vessel, Petitioner has, with the filing of this Petition, established a limitation fund in the amount of Seven Hundred Forty-Five Thousand Dollars ($745,000.00) by depositing a Letter of Undertaking with the Court in that amount, which equals a sum more than the value of the Vessel at the end of the voyage upon which it was engaged on September 4, 2017.

12. The Vessel does not appear to have been damaged during said voyage from the voyage upon which the Vessel was engaged on September 4, 2017.

13. P&L Towing is of the opinion that the plaintiff in the State Court Case might seek damages for injuries that may exceed the value of their interest in the limitation fund and the post-casualty value of the Vessel.

14. All and singular premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court and constitute a claim for relief within the meaning of Federal Rule of Civil Procedure 9(h).

WHEREFORE, P&L Towing prays:

(a) for an Order

(1) that due appraisement be made of the amount of the value of P&L Towing's interest in the Vessel at the end of said voyage and if the value of the Vessel is less than the stated insured value of the Vessel reduce the security; and

(2) directing the issuance of a Monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident or during the voyage upon which the Vessel was then engaged, citing them to file their claims with the Clerk of the Court and to serve or mail to the attorney for P&L Towing copies thereof on or before the date to be named in said Monition further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said Monition; and

(b) that an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the incident aforesaid, and the commencement or prosecution thereafter of any

suit, action, or legal proceeding of any nature or description whatsoever, except in the present proceeding, against P&L Towing and/or the Vessel in respect of any claim or claims arising out of the incident of September 4, 2017, as described above; and

  (c) for a decree adjudging:

    (1) that neither P&L Towing nor the Vessel are liable to any extent for any losses, damages or injuries for any claim whatsoever, in any way arising out of or in consequence of the aforesaid incident of September 4, 2017, as stated above;

    (2) or if P&L Towing shall be adjudicated liable, then that there liability be limited to the amount of the value of their interest in the said Vessel at the time of the aforesaid incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties and any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging P&L Towing from all further liability; and

  (d) that P&L Towing may have such other and further relief as the justice of the cause may require.

Dated: January 31, 2020.

> */s/ Anthony J. Cuva*
> Anthony J. Cuva
> Florida Bar No. 896251
> E-mail: acuva@bajocuva.com
> Anthony J. Severino
> Florida Bar No. 093452
> E-mail: aseverino@bajocuva.com
> BAJO | CUVA | COHEN | TURKEL
> 100 North Tampa Street, Suite 1900
> Tampa, FL  33602
> Tel: (813) 443-2199
> Fax: (813) 443-2193
> *Attorneys for Petitioner*