UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 20-cv-60215-AHS

IN THE MATTER OF THE COMPLAINT OF
P&L TOWING & TRANSPORTATION, INC.,
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY AS THE OWNER OF THE
TUG RIKKI S, OFFICIAL NO. 633697

     Petitioner,
_____/

## CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO LIMITATION PETITION AND CLAIM AGAINST PETITIONER

Claimant, CHRISTOPHER WILKINS, by and through his undersigned counsel and pursuant to Admiralty Rule F(5), files his Answer and Affirmative Defenses to the Petition of P&L TOWING & TRANSPORTATION, INC., for Exoneration from or Limitation of Liability as the Owner of the Tug RIKKI S, Office No. 633697 and Claim against Petitioner and states as follows:

### I. Answer to Limitation Petition

Claimant, CHRISTOPHER WILKINS, by and through his undersigned counsel files his Answer and Affirmative Defenses to the Petition of P&L TOWING & TRANSPORTATION, INC., ("P&L TOWING") for Exoneration from or Limitation of Liability, and would respond to each of the numbered paragraphs as follows:

1. Claimant admits that this matter is within the Court's admiralty and maritime jurisdiction. Except as specifically admitted, denied.

2. Claimant admits that Petitioner P&L TOWING was doing business and is the owner of

      the 62 foot towing vessel known as the *Rikki S*.

3. Denied.

4. Denied.

5. Admitted.

6. Claimant admits that he was injured while working aboard the *Rikki S* on or about September 4, 2017. Except as specifically admitted, denied.

7. Admitted.

8. Claimant admits that venue for any viable Rule F claim would be proper in the Southern District of Florida, Fort Lauderdale Division. Except as specifically admitted, denied.

9. Admitted.

10. Claimant admits that Petitioner P&L TOWING is claiming the benefit of exoneration from and/or limitation of liability for the Claimant's incident which occurred on or about September 4, 2017. Except as specifically admitted, denied.

11. Claimant admits that Petitioner has filed a Letter of Undertaking in the amount of $750,000. Except as specifically admitted, denied.

12. Unknown and therefore denied.

13. Claimant admits he has asserted a claim entitled *Christopher Wilkins v. P&L Towing & Transportation, Inc.,* case no. CACE 19-023551 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

14. Denied.

## II. <u>Affirmative Defenses</u>

1. As his first affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that the Petition fails to state a claim upon which relief can be

2

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

granted.

2. As his second affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states the incident giving rise to the complaint was caused in whole or in part by the negligence or default of the Petitioner, who had privity and knowledge of the negligence and unseaworthy condition set forth in Claimant's claim in Section III below, the facts of which are incorporated herein by reference, such that Petitioner is neither entitled to limit or be exonerated from its liability as claimed in the Petition.

3. As his third affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that the limitation fund should be increased to include the value of the Petitioner's other vessels comprising their flotilla and the amount of the Petitioner's liability insurance coverage.

4. As his fourth affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that even if the Petitioner is entitled to allege that it is without fault, the issue of exoneration may or should be determined in the pending civil action initiated by Claimant.

5. As his fifth affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that the *Rikki S*, including its appurtenances, equipment and/or crew, was not seaworthy or reasonably suited for the purpose for which it was intended at the beginning of the subject voyage, thereby precluding the Petitioner from any relief under 46 USC 30501 et. seq.

6. As his sixth affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states Petitioner cannot limit or be exonerated for its liability for failure to pay maintenance and cure or failure to treat.

7. As his seventh affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states Captain of the *Rikki S* was operationally negligent.

8. As his eight affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states the injuries and damages he sustained in this occurrence were caused by the fault or negligence of the Petitioner, its officers, agents, representatives and/or employees for whom the Petitioner is responsible.

9. As his ninth affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that to the extent the subject vessel was a bareboat or demised chartered to operator of the subject vessel, that the Petition must be denied under the "owner at helm" rule.

10. As his tenth affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that he is the sole claimant and Petition must be dismissed and the Monition and Injunction dissolved, and that, as the sole Claimant, he is entitled to trial by the jury in the Court of his own choosing.

11. As his eleventh affirmative defense to the Petition for Exoneration from or Limitation of Liability, Claimant states that at all material times the subject vessel was seagoing vessel operated by the Petitioner for commercial profit.

WHEREFORE, the Claimant, CHRISTOPHER WILKINGS, by and through his undersigned counsel respectfully requests that P&L TOWING's Petition for Exoneration from or Limitation of Liability be dismissed with prejudice, and that the Court enter an order allowing the Claimant to pursue his claim for personal injuries, the Court increase the limitation fund to include the value of Petitioner's other vessels in their flotilla and their available liability insurance and for all other relief this Court deems proper.

### III.   Claim of Christopher Wilkins

### General Allegations

1. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel *Rikki S*.

2. At all times material hereto, Plaintiff was employed by Defendant as a crewmember on board the vessel *Rikki S*.

3. At all times material hereto, the vessel *Rikki S* was in navigable waters.

4. On or about September 3, 2017, Plaintiff was severely injured when he was struck by a working line while attempting to remove it from the bit at the back to the vessel *Rikki S*, suffering fractures to his arm, wrist, hand, and multiple fingers, resulting in the need for multiple surgical procedures.

### Count I – Jones Act Negligence

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through four (4) as though originally alleged herein.

5. It was the duty of Defendant to provide Plaintiff with a reasonably safe place to work.

6. Defendant breached its duty to provide Plaintiff with a reasonably safe place to work.

7. Plaintiff was severely injured as a direct cause of the Defendant's breach of duty.

8. Plaintiff's injuries are due to the fault and negligence of the Defendant and/or its agents, servants, joint venturers and/or employees as follows:

   a. Failure to provide Plaintiff a reasonable safe place to work;

   b. Failure to provide the Plaintiff with a reasonably safe method to carry out his job duties;

   c. Failure to provide Plaintiff with adequate assistance to enable him to carry out his

assigned job duties in a reasonably safe manner;

d. Failure to provide Plaintiff with adequate equipment and/or safety devises;

e. Failure to provide Plaintiff with adequate instruction, training, and/or supervision;

f. Failure to have adequate communications between the Captain and the Plaintiff during the maneuver;

g. Negligently operating and/or navigating the tug during the maneuver;

h. Negligently allowing the Plaintiff to work alone and unsupervised without being trained and signed off by the Captain;

i. Failure to warn Plaintiff of the dangers involved in the maneuver;

j. Failing to promulgate and/or enforce adequate policies and procedures concerning training, instructing, and supervising new employees; and/or

k. Failing to provide Plaintiff with prompt, proper, and/or adequate medical care.

9. Defendant(s) knew of the foregoing conditions causing Plaintiff's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant(s), in the exercise of reasonable care, should have learned of them and corrected them.

10. As a result of the negligence of the Defendant, the Plaintiff was injured about Plaintiff's body and extremities, experienced physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income

in the past, and his working ability and earning capacity have been impaired. The injuries and damages suffered are permanent or continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future. Additionally, Plaintiff in the past and in the future lost the fringe benefits that his job provided, including but not limited to free food, free shelter, free medical care, and free uniforms.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### Count II - Unseaworthiness

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through four (4) as though originally alleged herein.

11. On or about September 3, 2017, Plaintiff was a seaman and a member of the crew of the vessel *Rikki S*, which was in navigable waters.

12. At all times material hereto, the vessel was owned, managed, operated and/or controlled by the Defendant.

13. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

14. On or about the previously stated date, the unseaworthiness of Defendant's vessel *Rikki S*, was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The vessel was unsafe and unfit due to the conditions created by Defendant as follows:

   i. Failure to provide Plaintiff a reasonable safe place to work;

   ii. Failure to provide the Plaintiff with a reasonably safe method to carry out his job duties;

  iii.  Failure to provide Plaintiff with adequate assistance to enable him to carry out his assigned job duties in a reasonably safe manner;

  iv.  Failure to provide Plaintiff with adequate equipment and/or safety devises;

  v.  Failure to provide Plaintiff with adequate instruction, training, and/or supervision;

  vi.  Failure to have adequate communications between the Captain and the Plaintiff during the maneuver;

  vii.  Negligently operating and/or navigating the tug during the maneuver;

  viii.  Negligently allowing the Plaintiff to work alone and unsupervised without being trained and signed off by the Captain;

  ix.  Failure to warn Plaintiff of the dangers involved in the maneuver;

  x.  Failing to promulgate and/or enforce adequate policies and procedures concerning training, instructing, and supervising new employees; and/or

  xi.  Failing to provide Plaintiff with prompt, proper, and/or adequate medical care.

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel's crew was not properly trained, instructed or supervised;

d. The vessel did not have a fit crew;

e. The vessel did not have adequate manpower for the task being performed; and/or

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

15. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, experienced physical pain and suffering, mental anguish,

reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired.  The injuries and damages suffered are permanent or continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future.  Additionally, Plaintiff in the past and in the future lost the fringe benefits that his job provided, including but not limited to free food, free shelter, free medical care, and free uniforms.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### Count III – Failure to Provide Maintenance and Cure

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through four (4) as though originally alleged herein.

16. On or about September 3, 2017, Plaintiff, while in the service of the vessel as a crewmember, was injured.

17. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from the Defendant until Plaintiff is unequivocally declared to have reached maximum medical improvement in all specialties.  This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage, whichever is longer.  Maintenance and cure is an ongoing obligation of the Plaintiff's Jones Act employer from the date of

9

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

Plaintiff's injury up through trial and at times beyond, as Plaintiffs are allowed to bring serial lawsuits for maintenance and cure purposes. Although maintenance and cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC), it must be reinstated if the Plaintiff suffers a relapse of his condition that once again requires treatment to return the Plaintiff to an MMI/MMC status or if a cure becomes available that was not available to the Plaintiff at the time of the declaration of MMI/MMC. In addition, if an MMI/MMC declaration is challenged by another physician, the conflict must be resolved in favor of the crew member receiving the additional care (treatment/cure) that is recommended.

18. Defendant willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and delayed providing the Plaintiff medical care until maximum medical improvement such that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

19. Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff is entitled to attorney's fees under the General Maritime Law of the United States. Further, Defendant(s) unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys' fees, and demands jury trial of all issues so triable.

### Count IV – Failure to Treat

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through four (4) as though originally alleged herein.

20. On or about September 3, 2017, Plaintiff was employed by the Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

21. It was the duty of the Defendant to provide Plaintiff with prompt, proper and adequate medical care.

22. Defendant, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

    a. Defendant not giving Plaintiff medical care in a timely manner after his injury;

    b. Defendant not properly diagnosing Plaintiff's injury;

    c. Defendant not providing prompt, proper, complete and adequate medical care to Plaintiff; and/or,

    d. Defendant refusing the Plaintiff's request for additional medical care.

23. As a direct and proximate result of Defendants' failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. Plaintiff was injured about Plaintiff's body and extremities, experienced physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care

and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired. The injuries and damages suffered are permanent or continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future. Additionally, Plaintiff in the past and in the future lost the fringe benefits that his job provided, including but not limited to free food, free shelter, free medical care, and free uniforms.

This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are rewardable]."

        Respectfully submitted,

        LIPCON, MARGULIES,
        ALSINA & WINKLEMAN, P.A.
        *Attorneys for Plaintiff*
        One Biscayne Tower, Suite 1776
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 373-3016
        Facsimile: (305) 373-6204

        By: */s/ Carol L. Finklehoffe*
        **JASON R. MARGULIES**
        Florida Bar No. 57916
        jmargulies@lipcon.com
        **CAROL FINKLEHOFFE**
        Florida Bar No. 15903
        cfinklehoffe@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via electronic mail.

          By:    *Carol L. Finklehoffe*
                **CAROL L. FINKLEHOFFE**
                Florida Bar No. 15903
                cfinklehoffe@lipcon.com
                **JASON R. MARGULIES**
                Florida Bar No. 57916
                jmargulies@lipcon.com
                LIPCON, MARGULIES,
                ALSINA & WINKLEMAN, P.A.
                One Biscayne Tower, Suite 1776
                2 South Biscayne Boulevard
                Miami, Florida 33131
                Telephone No.: (305) 373-3016
                Facsimile No.: (305) 373-6204
                *Attorneys for Claimant*

## SERVICE LIST
CASE NO.: 20-cv-60215-AHS

| | |
|---|---|
| JASON R. MARGULIES<br>Florida Bar. No.: 36719<br>jmargulies@lipcon.com<br>CAROL L. FINKLEHOFFE<br>Florida Bar. No.: 0015903<br>cfinklehoffe@lipcon.com<br>Lipcon, Margulies, Alsina & Winkleman, P.A.<br>One Biscayne Tower – Suite 1776<br>2 S. Biscayne Boulevard<br>Miami, Florida 33131<br>Phone: (305) 373-3016<br>Facsimile: (305) 373-6204<br>*Counsel for Claimant* | ANTHONY J. CUVA<br>Florida Bar No. 896251<br>acuva@bajocuva.com<br>Bajo, Cuva, Cohen & Turkel, P.A.<br>100 North Tampa Street, Suite 1900<br>Tampa, Florida 33602<br>Phone: (813) 443-2199<br>Facsimile: (813) 443-2193<br>*Counsel for Petitioner* |